UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 23-58-DLB

RONALD TINGLE                                                    PETITIONER

VS.                    **MEMORANDUM OPINION AND ORDER**

WARDEN LEMASTER                                    RESPONDENT

*** *** *** ***

Inmate/Petitioner Ronald Tingle is incarcerated at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Tingle filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he claims that the Federal Bureau of Prisons (BOP) is improperly calculating his release date. (Doc. # 1).

This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court will deny Tingle's petition without prejudice because it is plainly apparent from the face of his submission that he has not yet fully exhausted his administrative remedies, as required. *See Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006).

Under the law, there is a multi-tiered administrative grievance process within the BOP. If a matter cannot be resolved informally via a so-called BP-8 Form, the prisoner must file a BP-9 Administrative Remedy Request Form with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with

1

the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18.

Here, it is plainly apparent that Tingle has not yet fully exhausted his administrative remedies. After all, Tingle affirmatively admits that he did not file a grievance regarding the matter in question with the BOP, instead claiming that "[t]here is no time to exhaust administrative remedies." (Doc. #1 at 7). Tingle, however, neither clearly explains why this would be the case nor identifies any authority that would allow him to bypass the administrative grievance process and immediately proceed with his § 2241 petition. Ultimately, in this situation, where a petitioner's failure to exhaust his administrative remedies is apparent from the face of the pleading itself, sua sponte dismissal is appropriate.[1]  *See Kenney v. Ormond*, No. 17-5889 (6th Cir. May 7, 2018) (affirming this Court's decision denying a § 2241 petition for failure to exhaust).

---

[1] Exhausting administrative remedies serves two main purposes: (1) it "protects administrative agency authority" by giving the agency the chance to review and revise its actions before litigation is commenced, which preserves judicial resources and administrative autonomy; and (2) it promotes efficiency since "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (citation and quotation marks omitted); *see also Detroit Newspaper Agency v. N.L.R.B.*, 286 F.3d 391, 396 (6th Cir. 2002) ("The purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence, to make a factual record, to apply its expertise and to correct its own errors so as to moot judicial controversies." (citation and quotation marks omitted)). The purposes of administrative exhaustion would be furthered here by completion of the grievance process.

2

Accordingly, it is **ORDERED** that:

(1)     Tingle's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED** without prejudice.  Tingle may file a new habeas petition regarding the matter raised once he has fully exhausted his administrative remedies;

(2)     This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

(3)     The Court will enter a corresponding Judgment.

This 26th day of May, 2023.

Signed By:
David L. Bunning
United States District Judge

L:\DATA\ORDERS\PSO Orders\Tingle 0-23-058  Memorandum.docx

3